UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM JAMES GRADFORD, JR., | Case No. 2:24-cv-2012-TLN-JDP (PS) |
| Plaintiff, | |
| v. | ORDER |
| A. PEREZ, *et al.*, | |
| Defendants. | |

Plaintiff has filed a complaint purporting to assert claims against A. Perez, a probation officer, together with an application to proceed *in forma pauperis*.[1] His complaint, however, fails to state a claim, and I will recommend that it be dismissed. I will grant plaintiff's application to proceed *in forma pauperis*, ECF No. 3, which makes the showing required by 28 U.S.C. §§ 1915(a)(1) and (2). I will, however, deny plaintiff's request for global review as unnecessary. ECF No. 5.[2]

---

[1] The complaint also lists "Warden" and the "United States" as defendants. ECF No. 1 at 3. However, the complaint contains no allegations against either defendant.

[2] Plaintiff has filed a document titled, "Request for Global Review," in which he asks this court to review an unidentified settlement agreement from May 2019. The court does not have the authority to review a settlement agreement from a prior, unrelated action.

1

**Screening and Pleading Requirements**

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

The complaint alleges in its entirety that on January 1, 2024, defendant "Perez used [plaintiff] as a body to shield to search [his] residence at gun point after [Perez] was told that [plaintiff] was going to kill him and other probation officers and others." ECF No. 1 at 4. The complaint identifies the First and Fourteenth Amendment as the bases for its allegations. *Id.* at 3.

It appears that plaintiff may be attempting to allege a Fourth Amendment claim pursuant to 28 U.S.C. § 1983. "To succeed on a § 1983 claim, a plaintiff must show that (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived the plaintiff of a federal constitutional or statutory right." *Patel v. Kent Sch. Dist.*, 648 F.3d 965, 971 (9th Cir. 2011). The Fourth Amendment protects "[t]he right of the people to be

1   secure in their persons, houses, papers, and effects against unreasonable searches and seizures."
2   U.S. Const. amend. IV.  A warrantless search or seizure inside a home is presumptively
3   unreasonable under the Fourth Amendment.  *See Payton v. New York*, 445 U.S. 573, 586 (1980).
4         The complaint fails to allege facts sufficient to plead a Fourth Amendment claim.  The
5   complaint does not state whether Perez unlawfully entered plaintiff's home or whether the search
6   was unreasonable.  *Mendez v. Cnty. of Los Angeles*, 897 F.3d 1067, 1075 (9th Cir. 2018)
7   (explaining that, in certain circumstances, reasonable searches and seizures do not violate the
8   Fourth Amendment).  Should plaintiff choose to amend his complaint, he would need to include
9   the specifics of the search, namely, whether Perez had a warrant or another lawful means of
10  entering the home, and where in the home Perez searched.
11        I will allow plaintiff a chance to amend his complaint before recommending that this
12  action be dismissed.  Plaintiff should also take care to add specific factual allegations against the
13  defendant.  If plaintiff decides to file an amended complaint, the amended complaint will
14  supersede the current one.  *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 907 n.1 (9th Cir. 2012)
15  (en banc).  This means that the amended complaint will need to be complete on its face without
16  reference to the prior pleading.  *See* E.D. Cal. Local Rule 220.  Once an amended complaint is
17  filed, the current one no longer serves any function.  Therefore, in an amended complaint, as in
18  the original, plaintiff will need to assert each claim and allege each defendant's involvement in
19  sufficient detail.  The amended complaint should be titled "First Amended Complaint" and refer
20  to the appropriate case number.  If plaintiff does not file an amended complaint, I will
21  recommend that this action be dismissed.
22        Accordingly, it is hereby ORDERED that:
23      1. Plaintiff's request for leave to proceed *in forma pauperis*, ECF No. 3, is granted.
24      2. Plaintiff's request for review of jurisdiction, ECF No. 5, is denied as unnecessary.
25      3. Plaintiff's complaint, ECF No. 1, is dismissed with leave to amend.
26      4. Within thirty days from service of this order, plaintiff shall file either (1) an amended
27  complaint or (2) notice of voluntary dismissal of this action without prejudice.
28

5. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

6. The Clerk of Court shall send plaintiff a complaint form with this order.

IT IS SO ORDERED.

Dated:  November 13, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE