UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM JAMES GRADFORD, Jr., | Case No. 2:24-cv-2012-TLN-JDP (PS) |
| Plaintiff, | |
| v. | ORDER |
| A. PEREZ, *et al.*, | |
| Defendants. | |

William James Gradford, Jr. ("plaintiff") brings this action against numerous government defendants at the federal, state, and county levels and levies allegations which, to the extent they can be understood, appear insufficiently related to proceed in a single action. ECF No. 9. Additionally, plaintiff has filed a notice of settlement with Stanislaus County, ECF No. 11, that might affect some of the claims raised in the operative complaint. Accordingly, I will dismiss the complaint with leave to amend one more time; this will be plaintiff's final opportunity to amend before I recommend dismissal of this action. I will also discharge the show cause order entered on December 19, 2024. ECF No. 8.

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon

which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff's complaint is difficult to read owing to poor handwriting and a lack of organization. It names seventeen defendants, ECF No. 9 at 2, but fails to plainly delineate what claims apply to each. Thus, it largely fails to comply with Rule 8 of the Federal Rules of Civil Procedure. *See Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346 (2005) (A complaint must provide "the defendant with fair notice of what the plaintiff's claim is and the grounds upon which it rests.") (internal quotation marks omitted).

Additionally, the complaint contains at least two unrelated claims against multiple defendants. First, plaintiff levies numerous allegations of misconduct against defendant Perez, a

probation officer. ECF No. 9 at 6-13. Second, he alleges that defendant Texeira, a Stanislaus County Sheriff's Deputy, violated his rights by retaliating against him after he raised concerns about how this defendant was treating another detainee. *Id.* at 14-19. These sets of claims do not appear to have any legal or factual connection to each other and are unsuited to proceed in the same action. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Finally, plaintiff has filed a notice of settlement with Stanislaus County, which might affect some claims and defendants raised in the complaint. ECF No. 11. Allowing plaintiff to amend will permit him to remove claims and defendants governed by that agreement.

I will dismiss the complaint with leave to amend so that plaintiff may have one final opportunity to remedy these deficiencies. As before, his amended complaint will supersede its predecessor entirely. The next amended complaint should be entitled "Second Amended Complaint."

Accordingly, it is hereby ORDERED that:

1. Plaintiff's amended complaint, ECF No. 9, is DISMISSED with leave to amend.

2. Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

3. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

4. The Clerk of Court shall send plaintiff a complaint form with this order.

5. The December 19, 2024 order to show cause, ECF No. 8, is discharged.

IT IS SO ORDERED.

Dated:   May 1, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE